IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHN HENRY TAYLOR, JR.,
    Petitioner,

vs.                                     Case No.:  5:13cv243/LAC/EMT

MICHAEL D. CREWS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court on an amended petition for writ of habeas corpus filed by Petitioner under 28 U.S.C. § 2254 (doc. 4).  Respondent filed a motion to dismiss the petition as impermissibly second or successive, pursuant to 28 U.S.C. § 2244(b) (doc. 17).  Petitioner responded in opposition to the motion to dismiss (docs. 19, 22).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the record before the court shows that the petition is subject to dismissal as an unauthorized "second or successive" habeas corpus application.

I.    BACKGROUND AND PROCEDURAL HISTORY

    On retrial by a jury in the Circuit Court in and for Bay County, Florida, Case No. 1986-CF-476, Petitioner was found guilty of first degree murder (*see* doc. 4 at 1).[1]  On November 13, 1990,

---

[1] In Petitioner's first jury trial in 1986, he was found guilty by a jury of first degree felony murder, and sentenced, on November 26, 1986, to life imprisonment.  *See* <u>Taylor v. State</u>, 557 So. 2d 138 (Fla. 1st DCA 1990).  In a decision rendered February 13, 1990, the state appellate court reversed the judgment and remanded to the trial court. *Id.*

he was adjudicated guilty and sentenced to life imprisonment (*id.*). The Florida First District Court of Appeal ("First DCA") affirmed the judgment on January 16, 1992 (*id.* at 2). *See* Taylor v. State, 592 So. 2d 1093 (Fla. 1st DCA 1992) (Table). In 1992, Petitioner sought federal habeas corpus relief from the 1990 judgment, pursuant to 28 U.S.C. § 2254, in this district court (*see* doc. 17 at 1). *See* Taylor v. Singletary, Case No. 5:92cv50304/RV, Petition (N.D. Fla. Nov. 25, 1992). The district court, adopting the report and recommendation of the magistrate judge, denied the petition on the merits (*see* doc. 17 at 1). *See* Taylor, Case No. 5:92cv50304/RV, Order Adopting Report and Recommendation (N.D. Fla. June 26, 1998). Petitioner appealed to the Eleventh Circuit Court of Appeals, but the appeal was unsuccessful. *See* Taylor, Case No. 5:92cv50304/RV, Notice of Appeal (N.D. Fla. July 6, 1998), Mandate (N.D. Fla. Dec. 7, 1998).

In 2002, Petitioner again sought federal habeas corpus relief from the 1990 state court judgment (*see* doc. 17 at 1). *See* Taylor v. Moore, Case No. 5:02cv286/LAC/WCS, Petition (N.D. Fla. Sept. 9, 2002). The district court, adopting the report and recommendation of the magistrate judge, dismissed the petition as an impermissible successive petition (*see* doc. 17 at 1). *See* Taylor, Case No. 5:02cv286/LAC/WCS, Order Adopting Report and Recommendation (N.D. Fla. Nov. 5, 2003). Petitioner appealed to the Eleventh Circuit Court of Appeals, but the appeal was unsuccessful. *See* Taylor, Case No. 5:02cv286/LAC/WCS, Notice of Appeal (N.D. Fla. Dec. 8, 2003), Order of USCA (N.D. Fla. Mar. 26, 2004).

Petitioner sought leave to file a second or successive habeas petition by filing an application in the Eleventh Circuit, Case No. 04-12408. *See* Taylor, Case No. 5:02cv286/LAC/WCS, Order of USCA (N.D. Fla. June 16, 2004). One year later, Petitioner again sought leave to file a second or successive habeas petition by filing an application in the Eleventh Circuit, Case No. 05-12111. *See* Taylor, Case No. 5:02cv286/LAC/WCS, Order of USCA (N.D. Fla. Apr. 29, 2005).

Petitioner filed the instant § 2254 petition on July 3, 2013 (doc. 1). He challenges the 1990 state court judgment on the following ground:

> Ground One: "Whether Respondent herein has authority under federal Double Jeopardy Clause to detain Petitioner at Marion Correctional Institution predicated on an acquitted charge of first degree premeditated murder under Case Number 86-476G."

(doc. 4 at 5–6).  Petitioner contends the State's re-trying him after the First DCA reversed his first conviction violated the constitutional prohibition against double jeopardy (*id.*).

II.     ANALYSIS

Federal courts are courts of limited jurisdiction, and may only hear cases where authorized by the Constitution and by statute.  *See* Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).  Section 2244 provides, in relevant part:

> **(a)** No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
>
> **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> > **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> **(3)(A)** <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.

28 U.S.C. § 2244 (emphasis added).  A district court lacks the jurisdiction to hear a second or successive § 2254 petition absent authorization from a Court of Appeals.  28 U.S.C. § 2244(b)(3)(A).

Here, Petitioner argues that the instant petition is not successive, because he is not challenging his conviction, rather, he is challenging only his detention (*see* doc. 22 at 3–4). He additionally contends he is not subject to the requirements of the federal habeas statutes for the following reasons: (1) the state courts did not adjudicate the merits of his double jeopardy claim, (2) the federal court has jurisdiction to review, de novo, constitutional errors that occurred in state criminal proceedings and grant relief, and (3) the state court lacked jurisdiction to retry him, therefore, the underlying criminal proceeding is void (*id.* at 2–7).

Petitioner does not dispute that his first § 2254 petition qualifies as a first petition for purpose of determining successor status.[2] Further, despite Petitioner's characterization of the instant habeas petition as a challenge to his detention instead of his conviction, the fact is that the instant petition is an application for a writ of habeas corpus challenging his custody, which is pursuant to a state court criminal judgment, on the ground that it violates the Constitution. As such, the petition is a habeas application subject to the restrictions and limitations of §§ 2244 and 2254. *See* Medberry v. Crosby, 351 F.3d 1049, 1054 n.5 (11th Cir. 2003) (holding that there was but one habeas corpus remedy for those imprisoned pursuant to a State court judgment, and that remedy is governed by both § 2241 and § 2254; for those imprisoned pursuant to a State court judgment, the habeas corpus remedy is subject to § 2254 and all of its attendant restrictions). Therefore, the instant petition qualifies as a "second or successive" habeas application under § 2244(a), (b).

Petitioner does not allege he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing the instant § 2254 petition. His failure to obtain permission from the Eleventh Circuit prior to filing the instant petition operates as a jurisdictional bar that precludes

---

[2] Some types of collateral challenges do not render subsequent habeas petitions "second or successive." *See* Panetti v. Quarterman, 551 U.S. 930, 945,127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007) (a claim of incompetency under Ford v. Wainwright, 477 U.S. 399, 106 S. Ct. 2595, 91 L. Ed. 2d 335 (1986) was not successive, because the claim was not ripe until the petitioner's execution was scheduled); Slack v. McDaniel, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011) ("Because the basis for his Johnson [v. United States, 544 U.S. 295, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005)] claim did not exist before his proceedings on his initial § 2255 motion concluded, Stewart's numerically second motion is not "second or successive," and § 2255(h)'s gatekeeping provision does not apply. . . . Stewart's situation falls within what the Fifth Circuit recognized is a small subset of unavailable claims that must not be categorized as successive."); McGiver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive").

Case No.:  5:13cv243/LAC/EMT

this district court's consideration of the merits of the petition, including Petitioner's arguments that the state courts did not adjudicate the merits of his double jeopardy claim, that the federal court has jurisdiction to review, de novo, his double jeopardy claim, and that the state court lacked jurisdiction to retry him. *See* 28 U.S.C. § 2244(b)(3)(A); Fugate v. Dep't of Corrections, 310 F.3d 1287, 1288 (11th Cir. 2002).

III. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (doc. 17) be **GRANTED**.

2. That Petitioner's amended habeas petition (doc. 4) be **DISMISSED for lack of jurisdiction**, pursuant to 28 U.S.C. § 2244(b).

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 26th day of June 2014.

> */s/ Elizabeth M. Timothy*
> **ELIZABETH M. TIMOTHY**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**